IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE MENDOZA, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 1:22-cv-128 |
| SHALOM HOME CARE, INC. | § § § | |
| Defendant | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jose Mendoza ("Named Plaintiff" or "Plaintiff") on behalf of himself and all others similarly situated (Named Plaintiff and potential FLSA Opt-In Plaintiffs are collectively referred to herein as "Plaintiffs") brings this suit against the above-named Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended. Plaintiff shows as follows:

### I.    NATURE OF SUIT

1.    The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2.    Defendant Shalom Home Care, Inc. ("Defendant" or "Shalom") has violated the FLSA by failing to pay its hourly-paid home care workers at one and one-half times their regular rates of pay for all hours worked in excess of forty hours within a workweek. It has done so by routinely,

systematically, and knowingly paying its hourly-paid home care workers for fewer hours than they actually worked in overtime weeks, as well as paying only "straight time"—i.e., the regular hourly rate—for overtime hours.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as an opt-in collective action under 29 U.S.C. § 216(b).

## II.   PARTIES

4. Named Plaintiff Jose Mendoza is an individual who resides in Cameron County, Texas. He has consented to be a plaintiff in this action. His FLSA consent form is attached as Exhibit A.

5. Defendant Shalom Home Care, Inc. is a Texas for-profit corporation that is authorized to do business in Texas and that is doing business in Texas. Defendant maintains its principal office in Brownsville, Cameron County, Texas, and can be served with process by service on its registered agent, Suseela Perakathu at its registered address, 2701 E. Price Road, Suite F, Brownsville, TX 78521.

## III.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law—specifically, under the FLSA, 29 U.S.C. § 201, *et seq*. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in the Brownsville Division of the United States District Court for the Southern District of Texas. A substantial part of the events forming the basis of this suit occurred in Cameron County, Texas, which is in this District and Division. Named Plaintiff Mendoza was an employee of Defendant, and he has performed work for Defendant in Cameron County, Texas. Defendant resides in this district and division. Defendant is thus subject to this Court's personal

jurisdiction with respect to this civil action. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all relevant times, Plaintiffs were "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

10. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. In the performance of their work, Plaintiffs handled tools, equipment, and other materials that were manufactured outside of the State of Texas, including, for example, their patients' medications, food, cleaning supplies, and other household goods.

13. At all relevant times, Plaintiffs were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207.

## V.   FACTUAL ALLEGATIONS

14. Defendant Shalom Home Care, Inc. is a home care company that employs individuals to provide personal assistance to patients in their homes, including assistance with healthcare needs and household chores.

15. Mendoza has been employed by Shalom from approximately December 2016 through the present.

16. Mendoza has worked as a home care provider caring for a single patient throughout his employment with Shalom.

17. Shalom paid Mendoza regular hourly rates of $10 and, intermittently, $10.25 from the beginning of his employment through May 15, 2022.

18. Mendoza received a pay increase to $10.50 per hour effective May 16, 2022.

19. Since approximately March 2020, Mendoza has been assigned to work the same regular work schedule totaling 47.25 hours per workweek.

20. Mendoza has actually worked between 46 and 48 hours almost every week, if not every week, since approximately March 2020.

21. Between approximately March 16, 2020, and May 31, 2021, Shalom routinely and systematically paid Mendoza for approximately five to seven hours fewer per week than he actually worked and reported working via Shalom's timekeeping system.

22. Between approximately March 16, 2020, and May 31, 2021, Mendoza complained on numerous occasions to Shalom's administrative staff that he was not being paid for all the hours he actually worked.

23. Each time Mendoza complained, Shalom's administrative staff claimed that any missing hours were due to malfunctions with their timekeeping system.

24. On most occasions that Mendoza complained, Shalom's administrative staff refused to

correct the supposed timekeeping mistakes and pay Mendoza for the hours he told them that he actually worked.

25. Even though Shalom shorted Mendoza several hours per workweek on average between approximately March 16, 2020, and May 31, 2021, Shalom still routinely paid Mendoza for more than forty hours per workweek.

26. However, between approximately March 16, 2020, and May 31, 2021, for the overtime hours that Shalom did pay, it only paid Mendoza his "straight time" rate—that is, his regular hourly rate, rather than the required overtime rate of 1.5 times his regular hourly rate.

27. When Mendoza asked about his unpaid overtime premium, Shalom's administrative staff told Mendoza that Shalom simply did not pay overtime.

28. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Plaintiffs.

## VI.   FLSA COLLECTIVE ACTION ALLEGATIONS

29. Under 29 U.S.C. § 216(b), Named Plaintiff Mendoza seeks authorization to send notice of the right to join this lawsuit to a group of similarly situated employees delineated as follows:

> **All current and former hourly-paid home care providers employed by Defendant in the three years preceding the date of the Court's order authorizing notice.**

30. Named Plaintiff Mendoza and the Potential Opt-In Plaintiffs performed the same or similar job duties as one another in that they worked as home care providers in the Brownsville, Texas area.

31. Further, upon information and belief, the Potential Opt-In Plaintiffs were denied overtime pay due to the same policies or practices described above under which Shalom denied Mendoza overtime pay—that is, paying "straight time" for overtime hours and paying for fewer hours than the employees actually worked.

32. Application of those policies and practices does not depend on the personal circumstances of the Named Plaintiff or the Potential Opt-In Plaintiffs. Thus, the Potential Opt-In Plaintiffs are owed unpaid overtime for the same reasons as Mendoza, without regard to their individualized circumstances.

## VII.   CAUSE OF ACTION: FLSA

33. During the relevant period, Defendant violated Section 7 of the FLSA, 29 U.S.C. §§ 207, by employing the Named Plaintiff and the Potential Opt-In Plaintiffs for workweeks longer than 40 hours without compensating them for all of their work in excess of forty hours per week at one and one-half times their regular hourly rates.

## XI. PRAYER FOR RELIEF

For the foregoing reasons, the Named Plaintiff prays that this Court:

a. Enter an expedited Order authorizing notice to Potential Opt-In Plaintiffs under the FLSA, 29 U.S.C. § 216(b);

b. Enter an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent Defendant's further violations of the Fair Labor Standards Act;

c. Award Plaintiffs damages for their unpaid overtime pay and an equal amount of liquidated damages, under 29 U.S.C. § 216(b);

d. Award Plaintiffs the costs of this action;

e. Award Plaintiffs reasonable attorney's fees;

f. Award Plaintiffs Post-Judgment interest; and

g. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

By: */s/ Aaron Johnson*
Aaron Johnson
State Bar No. 24056961
ajohnson@fairlaborlaw.com
FAIR LABOR LAW
314 E. Highland Mall Blvd, Ste. 401
Austin, Texas 78752
Ph: (512) 277-3505
Ph: (512) 277-3254

Duchoang Daniel Pham
Texas State Bar No. 24116900
dpham@equaljusticecenter.org
EQUAL JUSTICE CENTER
2925 Richmond Ave., Ste. 1231
Houston, Texas 77098
Phone: (832) 441-4787
Fax: (512) 474-0008

Caitlin Boehne
Texas State Bar No. 24075815
cboehne@equaljusticecenter.org
EQUAL JUSTICE CENTER
314 E. Highland Mall Blvd., Ste. 401
Austin, Texas 78752
Tel (512) 474-0007, ext. 110
Fax (512) 474-0008

**ATTORNEYS FOR PLAINTIFFS**